UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

LORI CHAVEZ-DEREMER, Secretary of Labor, United States Department of Labor, :

Plaintiff, : Civil Action File

v. : No.:

CARRIERI & CARIERI, P.C., and CARRIERI & CARRIERI, P.C., 401(K) PROFIT SHARING PLAN, :

Defendants. :

---

**COMPLAINT**

Plaintiff, Lori Chavez-DeRemer, Secretary of Labor, United States Department of Labor (the "Secretary"), hereby alleges:

**PRELIMINARY STATEMENT**

1. The Carrieri & Carrieri, P.C. 401(k) Plan and Trust (the "Plan"), which holds assets covered by the Employee Retirement Income Security Act of 1974 ("ERISA"), was abandoned by its trustees, Joseph R. Carrieri and Ralph R. Carrieri ("Trustees"), who are deceased and unable to act on the Plan's behalf.

2. The Plan was sponsored by Carrieri & Carrieri, P.C. (the "Company") which has ceased operating.

3. As the Plan's Trustees are deceased, the Plan lacks a person with authority to wind it down. As such, no assets can be distributed to its 10 participants without a duly appointed fiduciary.

4. Because the Plan exists without a fiduciary and its assets are not held in trust by a trustee, the Secretary therefore brings this action under Title I of ERISA, as amended, 29

U.S.C. §§ 1001 et seq. to appoint an independent fiduciary to distribute the Plan assets and terminate the Plan.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

6. Venue of this action lies in the United States District Court for the Eastern District of New York pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan was administered in this district, the breaches took places in this district, and the defendants are based in this district.

**PARTIES**

7. The Secretary has the authority to bring this action pursuant to ERISA §§ 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) & 1132(a)(5) to enforce Title I of ERISA by, among other things, filing and prosecuting claims for violations of Title I of ERISA.

8. The Company was the Plan's Administrator and had discretionary authority or responsibility in the administration of the Plan and, as such, is a fiduciary to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

9. Joseph R. Carrieri and Ralph R. Carrieri were the Plan's only two named trustees who had discretionary authority and responsibility to administer the Plan and, as such, they were fiduciaries to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

10. The Plan is an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2) and is covered by ERISA, pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

## FACTUAL ALLEGATIONS

11. The Company was a law firm operating in Long Island, N.Y.

12. The Plan was established to provide retirement benefits to the Company's employees.

13. The Company ceased operations in February 2023, which coincided with the deaths of both of its principals, namely Ralph R. Carrieri and Joseph R. Carrieri, who were also the Plan's two named trustees.

14. The Trustees died before taking steps to ensure the continued administration or proper termination of the Plan.

15. No individual or entity has come forward to assume fiduciary responsibility for the Plan or to distribute the Plan's assets to the Plan's participants.

16. There is no fiduciary actively functioning on behalf of the Plan, which has not been terminated.

17. As of October 2024, the Plan held $825,864.32 owed to 10 participants.

18. Without a duly appointed fiduciary, the Plan's participants are unable to obtain distributions of their retirement assets in the Plan.

## FIRST CLAIM FOR RELIEF – VIOLATIONS OF ERISA § 402

19. ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1) requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument" that "shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan."

20. By the conduct and circumstances described above, the Plan exists without a named fiduciary in violation of ERISA § 402(a)(1), for which Defendants are liable under ERISA § 409(a), 29 U.S.C. § 1109(a).

**SECOND CLAIM FOR RELIEF– VIOLATIONS OF ERISA § 403**

21. Subject to exceptions not applicable here, ERISA § 403(a), 29 U.S.C. § 1103(a), requires that "all assets of an employee benefit plan shall be held in trust by one or more trustees."

22. By the conduct and circumstances described above, the Plan exists without its assets being held in trust by a trustee in violation of ERISA § 403(a), for which Defendants are liable under ERISA § 409(a), 29 U.S.C. § 1109(a).

**THIRD CLAIM FOR RELIEF– VIOLATIONS OF ERISA § 404**

22. ERISA § 404, 29 U.S.C. § 1104, requires that fiduciaries shall discharge their obligations prudently and loyally, and in the sole interest of participants and beneficiaries.

23. By the conduct and circumstances described above, Defendants breached these fiduciary duties to the Plan and its participants and beneficiaries, in violation of ERISA § 404, for which Defendants are liable under ERISA § 409(a), 29 U.S.C. § 1109(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, the Secretary requests that this Court enter an Order:

A. Appointing an independent fiduciary to administer the Plan and distribute the Plan's assets to its participants and beneficiaries;

B. Ordering that any expenses associated with the appointment of the independent fiduciary and subsequent administration and termination of the Plan be charged to on a pro rata basis against the participants individual accounts; and

C. Ordering such further relief as is appropriate and just.

DATED: May 29, 2025
New York, NY

Respectfully submitted,

JONATHAN L. SNARE
Acting Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

Matthew M. Sullivan
MATTHEW M. SULLIVAN
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Lori Chavez-DeRemer
Secretary of Labor, Plaintiff

U.S. Department of Labor
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
646-264-3679
sullivan.matthew.m@dol.gov
NY-SOL-ECF@dol.gov